## THE PEOPLE VS. ISABELLA STRATTON.

COMPLAINT was made, charging C. with rape, and S., a female, with aiding and abetting in the commission of the same. *Held*, that by virtue of paragraph 6065 of the C. L., the distinction between an accessory before the fact, and a principal, and between principals in the first and second degree, in cases of felony, is abrogated. *Held* further, That as S. could not commit the principal offence, if guilty at all, it must be for the *distinct* substantive offence of "aiding and abetting" in the commission of a rape. Therefore, respondent S. should have been complained of, and examined separate and apart from the respondent C.

*August term*, 1869, *of the Circuit Court for the County of Van Buren.*

Motion to quash information.

In this action, the respondent, Isabella Stratton, is charged as an accessory to the crime of rape, alleged to have been committed by Milo Crager, in and upon the person of one Phœba Manchester, on the 29th day of December, A. D. 1868.

The complaint on which the respondent was arrested, charged Crager with the principal offence, and the respondent with being present, abetting and assisting in the commission thereof. Upon this complaint, the respondent was brought before the magistrate, and was held for trial, having had no separate or other examination than that on which the alleged principal offender was held for trial. Upon the examination thus had, an information was filed; to which, the respondent plead, *pro forma,* "not guilty." Her attorneys move to quash

the information, on the ground that she has had no examination upon which an information could be predicated.

*Balch, Smiley & Balch,* for Respondent.

*J. B. Upton,* Pros. Att'y., for the People.

*By the Court,* BROWN, J. — By the Act of 1855, page 145, being § 6065, of the Compiled Laws, the distinction between an accessory before the fact, and a principal, and between principals in the first and second degree, in cases of felony, is abrogated.

The crime of rape is punishable by imprisonment in the State Prison; and by statute, all offences thus punishable, are felonies.

Paragraph 6065, C L., provides that all persons concerned in the commission of a felony, whether they directly commit the act constituting the offence, or aid and abet in its commission, though not present, may hereafter be indicted, tried and punished as principals, as in the case of misdemeanors.

Sections one and two, Chap., 161, page 686, of the R. S., of 1846, provide that "every person who shall be aiding in the commission of any felony, or shall be accessory thereto before the fact," &c, "shall be punished in the same manner as the principal felon," and "every person who shall counsel, hire, or otherwise procure any felony to be committed, may be indicted and convicted as an accessory before the fact, either *with the principal felon,* or *after* the conviction of the principal felon, or he may be indicted and convicted of a substantive felony, whether the principal felon shall, or shall not have been convicted, or shall, or shall not be amenable to justice; and in the last mentioned case, may be punished in the same manner as if convicted of being accessory before the fact."

It was held in the case of *Shannon vs. The People,* 5 *Mich,* 84, that § 6065, C. L., has the effect to repeal the sections just quoted.

In the case at bar, as the respondent is a female, and therefore incapable of committing the crime of rape, it follows, that if guilty at all, she must be guilty of "aiding and abetting" the principal offence; and this "aiding and abetting" must be a

*distinct substantive offence.* A seperate complaint should have been preferred against her, upon which she should have been examined. This was not done, and I am of the opinion that there is nothing upon which to predicate this information.

The motion is granted.